IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| STEPHEN D. HUBER,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY and the BILLINGS POLICE DEPARTMENT,<br><br>Defendants. | CV 19-00003-BLG-SPW-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On May 29, 2019, this Court issued an Order finding that Plaintiff Stephen Huber had failed to state a federal claim against a proper defendant and as such his Complaint was subject to dismissal. Mr. Huber was given an opportunity to file an amended complaint. (Doc. 7.) Plaintiff Stephen Huber filed an Amended Complaint pursuant to 42 U.S.C. § 1983 again raising his claims that he was arrested without due process, suffered cruel and unusual punishment, and unlawful incarceration. (Amended Complaint, Doc. 11 at 4.)

In the Amended Complaint, Mr. Huber alleges that on or about October 7, 2016 he was arrested by Officer Lang with the Billings Police Department for partner family member assault. The charge was changed to intimidation but was eventually dismissed two to four months later. He states there was no evidence to

1

have him arrested or detained. (Amended Complaint, Doc. 11 at 11.)

As set forth in the Court's prior Order, "[a] claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001). To state a claim under § 1983 for false arrest and imprisonment, however, a plaintiff must allege facts "to demonstrate that there was no probable cause to arrest him." *See Cabrera v. City of Huntingdon Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*citing George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992) ). Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991) (*quoting United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986) ).

Mr. Huber has still failed to allege there was no probable cause for his arrest. His only allegation regarding a lack of probable cause is that "Officer Lang of the Billings Police Department was the arresting officer whom harassed me due to my past and had no reason to because in the end the[re] was no evidence to have me arrested and detained." (Amended Complaint, Doc. 11 at 11.) But Mr. Huber admits he had an initial court appearance where a finding of probable cause would

2

have been made since Mr. Huber had to post bond. Mr. Huber's conclusory statement that there was no evidence to arrest is not sufficient. Mr. Huber was held over after his initial appearance with the state court and therefore this Court can only assume that a finding of probable cause was made by the state court judge. As such, the Amended Complaint fails to allege sufficient facts to plausibly suggest that there was a lack of probable cause for his arrest and Mr. Huber failed to state a claim for wrongful arrest.

The Court has considered whether Mr. Huber could further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." *California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1988); *see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

A party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the]

allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); *see also Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), *amended by* 234 F.3d 428, *overruled on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007); *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Here, Mr. Huber was advised that his allegations were insufficient to state a claim. His subsequent filing failed to correct the deficiencies set forth by the Court's May 29, 2019 Order (Doc. 7). Thus, the Court finds that amendment would be futile and will recommend that leave to amend be denied.

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Mr. Huber failed to state a claim.

4

**B. Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain that Mr. Huber's filings are frivolous and lack arguable substance in law or fact. No reasonable person could suppose an appeal

would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Mr. Huber must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**RECOMMENDATIONS**

1. This matter should be DISMISSED. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Huber

failed to state a claim.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Huber may file objections to these Findings and Recommendations within 14 days after service (mailing) hereof[1]. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 18th day of October, 2019.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail). . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Huber is being served by mail, he is entitled an additional three days after the period would otherwise expire.