IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
NOV 19 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| STEPHEN D. HUBER,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY, and the<br>BILLINGS POLICE DEPARTMENT<br><br>Defendants. | CV 19-03-BLG-SPW<br><br>ORDER ADOPTING<br>MAGISTRATE'S FINDINGS<br>AND RECOMMENDATIONS |

The United States Magistrate Judge filed Findings and Recommendations on October 18, 2019. (Doc. 13). The Magistrate recommended the Court dismiss the action, deny leave to amend, deny a certificate of appealability, and direct the clerk of court to have the docket reflect that the dismissal is considered a strike under 28 U.S.C. § 1915(g). (Doc. 13 at 6–7).

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file written objections within fourteen days of the filing of the Magistrate's Findings and Recommendation. Three days are added to this period when a party is served through the mail. Fed. R. Civ. P. 6(d). No objections were filed. When neither party objects, this Court reviews the Magistrate's Findings and Recommendation for

1

clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). After reviewing the Findings and Recommendation, this Court does not find that the Magistrate committed clear error.

On May 29, 2019, the Court issued an order finding that Plaintiff Stephen Huber had failed to state a federal claim against a proper defendant and giving him leave to amend his complaint. (Doc. 7.) Huber filed an amended complaint, but the Court agrees with the Magistrate that the amended complaint fails to allege sufficient facts to plausibly suggest there was a lack of probable cause for Huber's arrest. (Doc. 13 at 2–3.) The Court also agrees with the Magistrate that Huber's failure to cure deficiencies in his complaint after an order discussing the substantive issues therein strongly indicates Huber has "no additional facts to plead." (Doc. 13 at 3); *see Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotations omitted). An additional amendment would be futile.

Furthermore, because Huber has failed to state a claim, the Court will designate this case as a "strike" under 28 U.S.C. § 1915(g). The frivolous nature of Huber's filings lack arguable substance in law or fact, and any appeal would not be taken in good faith. (Doc. 13 at 5–6.) Accordingly,

**IT IS ORDERED** that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 13) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED:**

1. Stephen Huber's Amended Complaint (Doc. 11) is **DISMISSED** for failure to state a claim.

2. Further leave to amend is **DENIED**.

3. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

4. The Clerk of Court shall have the docket reflect that this dismissal is considered a strike under 28 U.S.C. § 1915(g).

5. The Clerk of Court shall enter judgment in favor of the Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 19th day of November, 2019.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge